UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

360 N. RODEO DRIVE, LP,

                       Plaintiff,

-against-

WELLS FARGO BANK, NATIONAL ASSOCATION, et al.,

                       Defendants.

22-cv-767 (AS)

MEMORANDUM OPINION
AND ORDER

ARUN SUBRAMANIAN, United States District Judge.

## BACKGROUND

Plaintiff's original complaint in this case had seven claims. Compl. ¶¶ 30–85, Dkt. 1. The first three were claims for breach of contract, the fourth and fifth were for intentional and negligent misrepresentation, the sixth was for "money had and received," and the seventh was for unjust enrichment. *Id.* Defendants moved to dismiss the complaint, which the Court granted in part. Dkts. 27, 35. The first two claims survived; the other five were dismissed. Dkt. 35.

Shortly after its decision, the Court entered a scheduling order setting a deadline for July 31, 2023, for motions to amend the pleadings. Dkt. 38. In late July, the Court entered an order directing the parties to "meet and confer regarding the date by which plaintiff shall move to amend the complaint." Dkt. 43. Later, the parties submitted a joint letter motion seeking to extend several deadlines, including the deadline for Plaintiff's motion for leave to amend. Dkt. 57. The Court granted the request, extending the deadline to January 14, 2024. Dkt. 58.

On that date, Plaintiff filed its motion for leave to amend the complaint. Dkt. 62. Under the surviving claims (counts one and two), it seeks to allege another breach of those contracts. Defendants don't oppose that amendment in their brief. For counts three, four, and five, Plaintiff seeks to add allegations to remedy the problems identified in the motion-to-dismiss opinion. Defendants say the amendments to all three counts were unduly delayed and would be futile. Defendants say counts three and five would still fail to state a claim. Defendants also argue that all three claims could not survive a motion for summary judgment. They say summary judgment is the relevant standard because the parties have already done most of their discovery. Finally, Plaintiff has abandoned counts six and seven.

## LEGAL STANDARDS

The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). As mentioned, Defendants here argue that the amendments were unduly delayed and would be futile. If true, those flaws would justify denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Typically, futility is judged according to the same standard as a motion to

dismiss under Rule 12(b)(6). *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). That standard requires that a complaint include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Sometimes, though, futility should be evaluated under the Rule 56 summary-judgment standard. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Because the parties have already conducted substantial discovery, Defendants argue that the summary-judgment standard applies here. Not so. The handful of times that the Second Circuit has applied the summary-judgment standard to assess futility, the case was already at summary judgment or had a complete factual record. *See id.*; *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998).

This case does not justify an innovation. Although the core of Defendants' Rule 56 futility argument is based on the terms of a written contract, Plaintiff has raised the possibility that certain terms are ambiguous or unenforceable due to fraud. Those issues involve questions of fact. Whether discovery will uncover any evidence to support those arguments remains to be seen. But on this incomplete record, the Court will apply the usual 12(b)(6) standard.

## DISCUSSION

Given the parties' arguments and the legal-standard conclusion above, just three issues remain: whether the amendments were unduly delayed, and whether counts three and five fail to state a claim after the amendments.

First, the amendments were not unduly delayed. True, seeking leave to amend nearly ten months after the Court's initial dismissal is not ideal. But this delay was a product of a series of extensions to which the Defendants consented. And even if the motion was not made as promptly as possible, Defendants have shown no prejudice. "Mere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted).

Second, count three plausibly states a claim. This count is for breach of the "special servicer agreement." In the motion-to-dismiss opinion, the Court held that this "contract" was an unenforceable agreement to agree. Dkt. 35 at 13–14. But after the amendments, Plaintiff has plausibly alleged a breach of a complete contract. In the proposed amended complaint, Plaintiff alleges that it and one of Defendants' representatives had an oral agreement with the following terms: Plaintiff would move its loan from "master servicing" to "special servicing" in exchange for Defendants' continuing to negotiate certain fee and penalty waivers. Dkt. 62-3 ¶¶ 26–31. They also agreed that if they couldn't agree on the waivers, the loan could be transferred back to master servicing. *Id.* Plaintiff says it performed by transferring the loan, but Defendant breached by refusing to negotiate and refusing to permit the transfer back to master servicing. *Id.* That account plausibly states a traditional breach-of-contract claim. And even if the parties did not reach a traditionally enforceable contract, Defendant has simply not addressed Plaintiff's promissory-estoppel theory. Plaintiff

has plausibly alleged the elements of promissory estoppel: a clear promise, reasonable and foreseeable reliance, and injury from the reliance. *See Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

Third, count five plausibly states a claim. This count is for negligent misrepresentation. In the motion-to-dismiss opinion, the Court held that Plaintiff failed to plead the necessary "special relationship." Dkt. 35 at 16–18. "New York's three-factor test for 'special relationships' asks [1] whether the person making the representation held or appeared to hold unique or special expertise; [2] whether a special relationship of trust or confidence existed between the parties; and [3] whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, 10 F. Supp. 3d 504, 525–26 (S.D.N.Y. 2014) (alterations in original) (citation omitted).

The first factor is close. Some courts have held that a defendant's "superior knowledge of the particulars of its own business practices is insufficient to sustain the cause of action." *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 928 N.Y.S.2d 229, 235–36 (App. Div. 2011). But others have held that a defendant's expertise and "special access to data" about its products "rose above and beyond Plaintiff's own expertise as a sophisticated financial actor." *LBBW*, 10 F. Supp. 3d at 526. Crediting Plaintiff's allegations that Defendants' policies were known only to Defendants and were particularly opaque and fast-changing in the early days of the COVID-19 pandemic, the first factor slightly favors Plaintiff. *See* Dkt. 62-3 ¶¶ 26–37.

The second factor favors Defendants. Plaintiff recognizes that there is no traditional "trust or confidence" relationship here, but the second factor is "somewhat circular," so courts often prioritize the first and third factors. *LBBW*, 10 F. Supp. 3d at 526.

The third factor strongly favors Plaintiff. The amended complaint's allegations make clear that the speaker knew that Plaintiff would rely on his assurances about fees, penalties, and Defendants' other policies. Dkt. 62-3 at ¶¶ 26–37; *see LBBW*, 10 F. Supp. 3d ("Defendants' omission of material facts peculiarly within their own knowledge increases the likelihood that they supplied misrepresentations … in order to induce reliance.")

"Finally, it is important to [note] that the question whether the nature and caliber of the relationship between the parties justifies the injured party's reliance on a negligent misrepresentation is a context-specific issue of fact." *LBBW*, 10 F. Supp. 3d at 526 (cleaned up). So even if the first factor could go either way, the amended complaint alleges enough at this stage.

## CONCLUSION

For the reasons above, the motion for leave to amend is GRANTED. The Clerk of Court is directed to close Dkt. 62. Plaintiff shall file the amended complaint by February 7, 2024, at 5:00 p.m.

SO ORDERED.

Dated: February 6, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge