

1900 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067
www.rossllp.la

Richard A. Schwartz
(424) 704-5600
rschwartz@rossllp.la

June 14, 2024

**SO ORDERED.**

VIA CM/ECF
Hon. Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Arun Subramanian, U.S.D.J.
Date: June 17, 2024

Re:   *360 N. Rodeo Dr., LP v. Wells Fargo Bank, N.A., et al.*, Case No. 1:22-cv-00767 (AS) – Motion to Seal

Dear Judge Subramanian:

    We are counsel to Plaintiff 360 N. Rodeo Drive, LP ("Plaintiff") in the above-captioned action before this Court. We submit this letter-motion pursuant to the Court's individual rules of practice 11(c) to request that the Court grant Plaintiff leave to file a single exhibit to the Declaration of Richard A. Schwartz in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment under seal.

    The Second Circuit follows a three-step inquiry for evaluating sealing requests. *Lugosch v. Pyramid Co. of Onondega*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that procedure, a court (1) examines whether the documents are "judicial records" subject to the presumption of public access; (2) determines the weight to be ascribed to the presumption in light of the extent to which the material sought to be sealed affects adjudication of the case; and (3) balances competing considerations against public disclosure. *Id.*

    Specifically, Plaintiff requests that it be allowed to file under seal the Exhibit 30 to the Declaration of Richard A. Schwartz in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, which has been designated as Confidential pursuant to the terms of the Confidentiality Protective Order in this matter (Dkt. 55) by LoanCore, a third party. The Sealed Documents consist of internal business communications that were designated "confidential" by the producing party pursuant to Dkt. 55.

    The Protective Order permits producing parties to designate certain categories of sensitive information produced in the course of discovery as "Confidential." (Dkt. 55 ¶ 2.) The Protective Order states that without permission from the designating party or a court order, material designated as confidential may only be filed under seal. (*Id.* ¶ 4.) Plaintiff met and conferred with the producing party, who refused to de-designate the document or allow Plaintiff to file the document other than under seal. Ostensibly, the producing party believes that the Sealed Documents merit confidential treatment under the Protective Order because they contain sensitive business information, which may furnish grounds for confidential treatment. As a result, and out of an abundance of caution, Plaintiff respectfully requests that the Court order that Exhibit 30 to the Declaration of Richard A. Schwartz in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment be filed under seal.

ROSS LLP
Hon. Arun Subramanian
June 14, 2024
Page 2

|  | |
|---|---|
| Respectfully submitted, | |
|  | ROSS LLP<br>By:  /s/ Richard A. Schwartz, Esq.<br>Peter Ross, Esq.<br>Richard Schwartz, Esq.<br>1900 Avenue of the Stars<br>Suite 1225<br>Los Angeles, California 90067<br>Telephone:  (424) 704-5600<br>Facsimile:  (424) 704-5680<br>pross@rossllp.la<br>rschwartz@rossllp.la<br><br>COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP<br><br>Matthew F. Gately, Esq.<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, New Jersey 07663<br>Telephone:  (201) 845-9600<br>Facsimile:  (201) 845-9423<br>MFG@njlawfirm.com<br><br>*Attorneys for Plaintiff 360 N. Rodeo Drive, LP* |